UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL D. COHEN,            )<br>                              )<br>         Petitioner,          )<br>                              )<br>vs.                           )<br>                              )<br>E.K. McDANIEL, *et al.*,      )<br>                              )<br>         Respondents.         )<br>                              )<br>_____/ | 3:05-cv-0015-KJD-RAM<br><br>**ORDER** |

I.   <u>Introduction</u>

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Russell D. Cohen, a Nevada prisoner. The case is before the Court on motions by petitioner for appointment of counsel, for injunctive relief, and for an evidentiary hearing. The case is also before the Court on a motion to dismiss made by respondents. The Court will grant the motion to dismiss, and deny the motion for appointment of counsel, the motion for injunctive relief, and the motion for an evidentiary hearing. The net result is that all but one of the claims in petitioner's amended petition will be dismissed, and the Court will order respondents to answer petitioner's remaining claim.

1  Petitioner is incarcerated pursuant to a Judgment of Conviction entered July 20, 2000,
2  on guilty pleas in Nevada's Eighth Judicial District Court.  *See* Exhibits 36 and 37.[1]  Petitioner was
3  convicted of sexual assault with a minor under fourteen years of age (Count 1), sexual assault with a
4  minor under sixteen years of age (Count 2), and use of a minor in producing pornography (Count 3).
5  Exhibit 37.  In addition to fees and restitution, petitioner was sentenced as follows:

6        Count 1:    life in prison, with the possibility of parole afer 20 years;

7        Count 2    life in prison, with the possibility of parole afer 20 years, consecutive to the sentence imposed for Count 1; and

8
      Count 3    life in prison, with the possibility of parole afer 5 years, consecutive to the sentence imposed for Count 2.
9

10  *Id.*

11  Petitioner appealed to the Nevada Supreme Court.  Exhibits 38 and 41.  The Nevada
12  Supreme Court affirmed on June 27, 2001.  Exhibit 75.  A petition for rehearing was denied, and the
13  remittitur issued on October 25, 2001.  Exhibits 87 and 88.

14  On February 11, 2002, petitioner initiated this federal habeas corpus action.  The
15  action was designated Case No. 3:02-cv-0066-DWH-RAM.[2]  The habeas petition, filed on
16  April 10, 2002, after the matter of payment of the filing fee was resolved (docket #4, #5, and #6 in
17  Case No. 3:02-cv-0066-DWH-RAM), set forth four grounds for relief.  Petition (docket #6 in Case
18  No. 3:02-cv-0066-DWH-RAM), pp. 3-10; *see also* Brief in Support of Petition (docket #8 in Case
19  No. 3:02-cv-0066-DWH-RAM).

20  On June 19, 2002, respondents filed a motion to dismiss (docket #13 in Case No.
21  3:02-cv-0066-DWH-RAM), arguing that one of the claims in the petition was not exhausted in state
22  court.  On November 22, 2002, the Court granted the motion to dismiss, finding petitioner's first

---

[1] Unless otherwise specified, the exhibits referred to in this order are those filed by respondents and located in the record at docket #14 and #15 in the file for Case No. 3:02-cv-0066-DWH-RAM, and docket #9, #10, and #13 in the file for Case No. 3:05-cv-0015-KJD-RAM.

[2] The Court has instituted a new case numbering system.  In the new numbering format, the case number is Case No. 3:02-cv-0066-DWH-RAM; in the old format it was CV-N-02-0066-DWH(RAM).

ground for relief to be unexhausted (docket #21 in Case No. 3:02-cv-0066-DWH-RAM).  The Court granted petitioner the choice of either abandoning the unexhausted claim or returning to state court to exhaust it.

On December 16, 2002, petitioner filed a motion to dismiss his action, indicating his election to return to state court (docket #22 in Case No. 3:02-cv-0066-DWH-RAM).  Therefore, on April 2, 2003, the Court entered an order (docket #23 in Case No. 3:02-cv-0066-DWH-RAM) dismissing the action, without judgment entered, and subject to reopening.  The Court ordered that, after petitioner completed the exhaustion of his unexhausted claims, he would be allowed to return to this Court and move to reopen his action.

Petitioner filed a state-court habeas petition on January 15, 2003.  Exhibit 99.  The state district court denied that petition in an order entered on March 23, 2004.  Exhibit 115.  The state district court subsequently denied a motion for reconsideration.  Exhibit 124.

On June 8, 2004, petitioner petitioned the Nevada Supreme Court for a writ of mandamus, seeking an order compelling the state district court to reverse its decision regarding his motion for reconsideration, and conduct an evidentiary hearing.  Exhibit 133.  The Nevada Supreme Court denied that petition.  Exhibit 135.  That court subsequently denied rehearing.  Exhibit 140.

Petitioner appealed from the denial of his state habeas petition and from the denial of his motion for reconsideration.  Exhibits 122, 123, 126, and 129.  The Nevada Supreme Court dismissed the appeal regarding the denial of the motion for reconsideration.  Exhibit 132.  On October 7, 2004, the Nevada Supreme Court affirmed the denial of the state habeas petition. Exhibit 150.

On December 10, 2004, petitioner filed a motion to reopen his federal habeas corpus action (docket #27 in Case No. 3:02-cv-0066-DWH-RAM), indicating that his state proceedings had been concluded.  On January 13, 2005, the Court entered an order (docket #1) reopening this case. The Court ordered that a new file would be established -- bearing Case No. 3:05-cv-0015-KJD-RAM

1  -- but that, for all purposes other than the Court's administrative purposes, the proceedings under the
2  new case number would be considered a continuation of Case No. 3:02-cv-0066-DWH-RAM.
3          On February 11, 2005, petitioner filed an Amended Petition for a Writ of Habeas
4  Corpus (docket #6), setting forth 14 grounds for relief, some with multiple sub-claims.
5          On March 21, 2005, respondents filed a motion to dismiss (docket #8), arguing that
6  certain of petitioner's claims are unexhausted, that certain of his claims are procedurally barred, and
7  that certain of his claims are not cognizable in this federal habeas corpus action. Petitioner filed an
8  opposition to the motion to dismiss on April 11, 2005 (docket #11). Respondents replied on
9  April 22, 2005 (docket #14).
10         On April 22, 2005, petitioner filed a Motion for Appointment of Counsel
11 (docket #12). Respondents did not respond to that motion.
12         On July 21, 2005, petitioner filed a motion for an evidentiary hearing (docket #16).
13 Respondents filed an opposition to that motion (docket #17). Petitioner replied on August 15, 2005
14 (docket #19).
15         On January 4, 2006, petitioner filed a motion seeking injunctive relief (docket #21).
16 Respondents filed an opposition to that motion on January 19, 2006 (docket #22). Petitioner did not
17 reply.
18 II.    <u>Motion for Appointment of Counsel</u>
19         There is no constitutional right to appointed counsel for a federal habeas corpus
20 proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425,
21 428-29 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*,
22 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d
23 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the
24 complexities of the case are such that denial of counsel would amount to a denial of due process, and
25 where the petitioner is a person of such limited education as to be incapable of fairly presenting his
26 claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

The issues raised in this case are not especially complex. It is apparent from the amended petition, and from the other documents that petitioner has filed, that petitioner has a good understanding of the issues and is able to present matters to the Court in an organized and understandable manner. The Court finds that appointment of counsel is not mandated in this case. Petitioner's motion for appointment of counsel will be denied.

III.     Motion for Injunctive Relief

In his January 4, 2006 motion seeking injunctive relief, petitioner claims that prison officials have taken legal documents from him in retaliation for his filing of grievances (docket #21). Petitioner seeks injunctive relief, in the form of orders requiring prison officials to return petitioner's legal materials and preventing prison officials from taking legal materials from him in the future.

The primary problem with petitioner's motion is that it is, in large part, an attempt to raise and litigate civil rights issues within a habeas corpus action. This habeas corpus action is not a proper forum for litigation of the question whether petitioner's legal materials have been taken from him in retaliation for his grievance filings, in violation of his First Amendment rights. That is a matter that must be raised in a proper action brought pursuant to 42 U.S.C. § 1983. Section 1983 actions have their own requirements, including an administrative exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). If petitioner wishes to litigate those issues, and seek relief stopping the alleged First Amendment violations, petitioner must initiate a separate § 1983 action.

This is not to say that the Court is without power to prevent prison officials from maliciously undermining petitioner's ability to litigate this case. There is, however, no indication -- either in petitioner's motion, or in the file of this case in general -- that petitioner has been prevented from litigating this case.

A preliminary injunction is an extraordinary remedy; consequently, a party seeking a preliminary injunction must make a "clear showing" that the injunction is warranted. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In order to prevail on a motion for preliminary injunction, the

moving party must satisfy one of two tests. Under the first alternative test, the moving party must make a showing consisting of four elements:

> (1) the [moving party] will suffer irreparable injury if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving party] will not be harmed more than the [moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

*Stanley v. University of Southern California*, 13 F.3d 1313, 1319 (9th Cir. 1994). Alternatively, preliminary injunctive relief may issue if:

> the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. Under this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.

*Id*. Where a party seeks mandatory preliminary relief that goes beyond maintaining the *status quo pendente lite*, courts should be extremely cautious about issuing a preliminary injunction. *Id*.

Petitioner has made no showing that injunctive relief is warranted. He has been able to file an exhaustive opposition to the motion to dismiss, and to pursue a motion for appointment of counsel and a motion for an evidentiary hearing. He has been able to litigate this action. There is no indication that petitioner will suffer irreparable injury if injunctive relief is not granted.

The Court will, therefore, deny petitioner's motion for injunctive relief.

IV.   Motion to Dismiss and Motion for Evidentiary Hearing

   A.   Claims Not Cognizable in Federal Habeas Corpus Action

Respondents argue in their motion to dismiss that Grounds 5, 6, and 8 of petitioner's amended petition are not cognizable in this federal habeas corpus action. *See* Motion to Dismiss, pp. 11-12.[3]

---

[3] Respondents do not argue that Grounds 5, 6, and 8 are unexhausted or procedurally defaulted. *See* Motion to Dismiss, pp. 3-11.

6

Grounds 5, 6, and 8 all concern petitioner's arrest and a search of his residence. *See* Amended Petition, pp. 12-19 and 26-29. Petitioner claims that the arrest and search violated his constitutional rights. *Id*.

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. The Court's reasoning was that in cases where a Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through a writ of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity, and federalism. *Id*. at 493-494; *see also Withrow v. Williams*, 507 U.S. 680, 686 (1993) ("[W]e simply concluded in *Stone* that the costs of applying the exclusionary rule on collateral review outweighed any potential advantage to be gained by applying it there."); *Woolery v. Arave*, 8 F.3d 1325, 1326-28 (9th Cir.1993), *cert. denied*, 511 U.S. 1057 (1994) (holding the *Stone* doctrine to be a limitation upon the scope of the exclusionary rule that applies in federal habeas cases even if the respondents do not raise the issue).

If the petitioner's claims regarding a search or seizure were heard and considered by the Nevada Supreme Court, petitioner was afforded a full and fair opportunity to litigate those claims. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir.), *cert. denied*, 464 U.S. 933 (1983). In this case, petitioner has made no allegation, in Grounds 5, 6, or 8, that he was denied in state court an opportunity for full and fair litigation of his Fourth Amendment claims. *See* Amended Petition, pp. 12-19 and 26-29. On the contrary, a review of the record reveals that petitioner's Fourth Amendment claims were fully litigated in state court. *See* Exhibits 20, 31, 32, 33, 34, 35, 68, 71, 72, 75, 82, and 87.

The Court concludes that Grounds 5, 6, and 8 are barred by the doctrine of *Stone v. Powell*, and, therefore, are not cognizable in this federal habeas corpus action. The Court will grant respondents' motion to dismiss on this basis with respect to Grounds 5, 6, and 8.

    B.    <u>Exhaustion of Claims in State Court</u>

        1.    <u>Standards Governing Exhaustion of Claims in State Court</u>

Respondents argue in their motion to dismiss that Grounds 1, 4, and 10 have not been exhausted in state court. *See* Motion to Dismiss, pp. 3-9; Reply, pp. 1-4.[4]

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct constitutional violations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

To exhaust a claim, a petitioner must fairly present that claim to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.

---

[4] In their motion, respondents also originally took the position that Grounds 2, 3(u), 3(v), 7, 11, and 12 are unexhausted. *See* Motion to Dismiss, pp. 6-9. In their reply, however, respondents retracted their argument that those grounds are unexhausted. *See* Reply, p. 3, lines 11-14. In the reply, respondents go on, somewhat inexplicably, to state that Ground 3 is unexhausted (*see* Reply, p. 3, line 19); however, respondents do not make any specific argument that any part of Ground 3 is unexhausted (other than their retracted argument regarding parts 3(u) and 3(v)). Therefore, the Court does not understand respondents to argue that any part of Ground 2, 3, 7, 11, or 12 is unexhausted. The Court addresses those claims, as well as Grounds 13 and 14, in connection with respondents' procedural default arguments.

The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

    2. <u>Ground 1</u>

Ground 1 of petitioner's amended petition is a claim that various of his constitutional rights were violated because he was not afforded fair judicial proceedings with respect to the procedural default issues that arose in his state habeas proceedings. *See* Amended Petition, pp. 3-3(c).

Petitioner claims that he exhausted Ground 1 in state court in the state habeas petition that he filed on January 15, 2003. *See* Opposition to Motion to Dismiss, p. 3. The Court, however, cannot find any indication in the record, and specifically in any of Exhibits 99, 107, 112, and 114, that petitioner presented the Nevada Supreme Court with a claim that his federal constitutional rights were violated because he was not afforded fair judicial proceedings with respect to the procedural default issues that arose in his state habeas proceedings.

Petitioner also claims that he exhausted Ground 1 in his petition for a writ of mandamus, filed in the Nevada Supreme Court on June 8, 2004. Exhibit 133; *see also* Exhibit 136. However, nowhere in the documents filed by petitioner in the Nevada Supreme Court with respect to that petition does petitioner indicate that he asserted that his federal constitutional rights were violated because he was not afforded fair judicial proceedings with respect to the procedural default issues that arose in his state habeas proceedings.

The Court finds Ground 1 to be unexhausted in state court.

9

       3.      <u>Ground 4</u>

In Ground 4, petitioner claims that his Fifth and Fourteenth Amendment rights were violated because he was denied fair judicial proceedings "in regards to (1) rulings by the court, (2) Coercion by the prosecution, (3) no evidentiary hearings on motions, (4) no competency hearings in accordance with NRS statutes, (5) no petrocelli hearing when prior bad acts introduced, (6) use of false evidence to convict Petitioner, (7) ineffective assistance of counsels regarding objections to nothing the Prosecutors did." Amended Petition, pp. 9-10 (as in original).

Petitioner argues that he exhausted this claim in his state habeas petition. *See* Opposition to Motion to Dismiss, p. 4. The Court agrees. At page 14 of a supplement to his state habeas petition, petitioner wrote: "[petitioner] alleges he was prejudicially denied the right to receive a fair judicial proceeding of the Fifth and Fourteenth Amendment of the United States Constitution." Exhibit 107, p. 14 (as in original); *see also* Exhibit 99, pp. 7-8, 15-16, 19-20; Exhibit 107, p. 15. The Court finds that petitioner exhausted Ground 4 in his state habeas petition.

       4.      <u>Ground 10</u>

In Ground 10, petitioner claims a violation of his Fifth and Fourteenth Amendment right to "make the state prove, beyond a reasonable doubt all the essential elements of the crimes he is charged with." Amended Petition, p. 32.

Petitioner argues that he exhausted this claim in his state habeas petition. *See* Opposition to Motion to Dismiss, p. 5. Here again, the Court agrees with petitioner's position regarding the exhaustion of this claim. At page 16 of a supplement to his state habeas petition, petitioner wrote: "[petitioner] alleges the state cannot prove, beyond a reasonable doubt, all the essential elements of charged offenses in violation of my Fifth and Fourteenth Amendments of the United States Constitution." Exhibit 107, p. 16. The Court finds that petitioner exhausted Ground 10 in his state habeas petition.

####    5.      Treatment of the Unexhausted Claim

The Court, then, finds that only one of petitioner's claims is unexhausted in state court, as asserted by respondents: Ground 1.

The Court has already afforded petitioner one chance to return to state court to exhaust claims, and petitioner has returned to state court and pursued a habeas petition there. Petitioner has not made any showing as to why he could not have presented the claim in Ground 1 to the Nevada Supreme Court in the course of those state proceedings. The Court finds that petitioner cannot meet the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005), which are prerequisites for a stay for the purpose of further exhaustion of claims in state court. Under the circumstances here, the Court will not again stay this action, or otherwise hold it in abeyance, to afford petitioner a further opportunity to exhaust Ground 1. The Court will dismiss Ground 1.

### C.    Procedural Default

####    1.      Standards Governing Procedural Default

Respondents argue that Grounds 2, 3, 4, 7, 10, 11, 12, 13, and 14 of petitioner's amended petition are barred by the operation of the procedural default doctrine. *See* Motion to Dismiss, pp. 9-11.[5]

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

Even if a state court decision reaches the merits of a claim, basing its ruling primarily on federal law, federal habeas corpus review is procedurally barred "as long as the state court

---

[5] Respondents also argue that Ground 1 is procedurally defaulted. *See* Motion to Dismiss, p. 11, lines 12-14. However, the Court finds that Ground 1 is unexhausted, and the Court will dismiss Ground 1 on that basis. *See* Part IV(B)(2) and (5), *supra*. Therefore, the Court need not reach respondents' procedural default argument with respect to Ground 1.

explicitly invokes a state procedural bar rule as a separate basis for decision." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *see also Coleman*, 501 U.S. at 736; *Loveland v. Hatcher*, 231 F.3d 640, 643-44 (9th Cir. 2000).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Id*. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim itself is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

### 2. Petitioner's Procedural Default

The state district court denied petitioner's state habeas petition on the sole ground that it was untimely as a matter of state law, namely NRS 34.726. *See* Exhibit 115. On appeal, the Nevada Supreme Court affirmed. Exhibit 150. The Nevada Supreme Court held as follows:

> Appellant filed his petition 82 days beyond the one-year statutory time period. [Footnote: *See* NRS 34.726(1).] Appellant's petition was procedurally barred absent a demonstration of good cause for the delay and prejudice. [Footnote: *See id.*; *Gonzales v. State*, 118 Nev. 590, 53 P.3d 901 (2002).] Good cause must be an impediment external to the defense. [Footnote: *See Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994).]

*Id*. at 2. With respect to petitioner's attempts to show cause for his delay, the Nevada Supreme Court held as follows:

> In an attempt to demonstrate cause for the delay, appellant argued that he filed a petition for habeas corpus relief in federal court and was not aware that he needed to file a petition in the State court. Appellant further argued that his petition was timely because the statute of limitations for filing the petition was tolled for 90 days pursuant to 28 U.S.C. § 2244(d)(1)(A).
>
> Based upon our review of the record on appeal, we conclude that the district court properly determined that appellant failed to demonstrate adequate cause to excuse his delay. Appellant failed to demonstrate that an impediment external to the defense prevented him from filing a timely petition. Ignorance of legal procedures is not an impediment external to the defense. [Footnote: *See Phelps v. Director, Prisons*, 104 Nev. 656, 764 P.2d 1303 (1988).] Further, pursuit of federal habeas corpus relief does not constitute good cause to excuse the filing of a petition for post-conviction relief beyond the one-year statutory time period. [Footnote: *Colley v. State*, 105 Nev. 235, 773 P.2d 1229 (1989).] Finally, petitions for post-conviction relief in this State are governed by NRS 34.726 and are not subject to the 90-day tolling provision of 28 U.S.C. § 2244(d)(1)(A). Appellant failed to demonstrate good cause for the delay in filing his petition.

*Id*. at 2-3. The claims raised by petitioner in his state habeas petition were plainly procedurally defaulted.

13

In his state habeas petition, petitioner raised the following claims that he asserts in this Court in his amended petition:[6]

- Ground 2 (*see* Exhibit 99, pp. 7-12, 15-21; Exhibit 107, pp. 1-3, 14-34);

- Ground 3 (*see* Exhibit 99, pp. 21-22; Exhibit 107, pp. 4-5, 28, 30-31, 34-40; Exhibit 109, pp. 9-12);

- Ground 4 (*see* Exhibit 99, pp. 7-8, 15-16, 19-20; Exhibit 107, pp. 14-15);

- Ground 7 (*see* Exhibit 99, pp. 7-12, 17-18; Exhibit 107, pp. 2-6, 28-34; Exhibit 109, pp. 5-8);

- Ground 10 (*see* Exhibit 99, pp. 8, 16; Exhibit 107, p. 16);

- Ground 11 (*see* Exhibit 99, pp. 8, 17; Exhibit 107, pp. 3, 17);

- Ground 12 (*see* Exhibit 99, pp. 9, 17-19; Exhibit 107, pp. 16-22; Exhibit 109, pp. 8-9);

- Ground 13 (*see* Exhibit 99, pp. 19; Exhibit 107, pp. 14, 33, 41);

- Ground 14 (*see* Exhibit 99, pp. 19-20; Exhibit 107, p. 26).

The Court finds that these claims -- Grounds 2, 3, 4, 7, 10, 11, 12, 13, and 14 -- were procedurally defaulted.

### 3.  <u>Adequacy and Independence of State Procedural Rule</u>

"In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

---

[6] As a practical matter, it may not be necessary for the Court to determine exactly which of petitioner's claims are unexhausted and which are procedurally defaulted, since the Court will dismiss both sets of claims. Nonetheless, to provide the parties with guidance with respect to any further proceedings in this case, the Court does so.

14

The Ninth Circuit Court of Appeals has held application of the very procedural bar at issue in this case -- NRS 34.726(1) -- to be an independent and adequate state ground. *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996).

This Court finds that the Nevada Supreme Court's holding that petitioner's state-court habeas petition was untimely under NRS 34.726(1) was an independent and adequate ground for the court's denial of petitioner's state-court petition.

### 4. Cause for the Procedural Default

Petitioner argues that "his late filing was due to interference with his legal property by prison officials." Opposition to Motion to Dismiss, p. 10. In support of that argument, petitioner cites to Exhibit 112, pp. 2-3; Exhibit 114, pp. 2-4; Exhibit 120, Exhibit 133, and Exhibit 136. A look at the exhibits cited by petitioner discloses that he argues, in essence, that he was "in administrative segregation, transferred, and placed in the infirmary during November 2001 through April 2002, a total of 128 days without most of [his] legal documents." Exhibit 114, pp. 2-3.

The Court finds that petitioner does not make a colorable showing of cause for his procedural default. The simple fact is that petitioner was able to initiate this federal habeas corpus action on February 11, 2002, less than four months after the remittitur issued from his direct appeal. *See* Petition (docket #6 in Case No. 3:02-cv-0066-DWH-RAM); *see also* Exhibit 88. On April 11, 2002, petitioner was able to file a 40-page brief in support of his federal petition (docket #8 in Case No. 3:02-cv-0066-DWH-RAM). Over the following year, petitioner actively litigated this case (*see*, *e.g.*, docket #12, #17, #19, and #22 in Case No. 3:02-cv-0066-DWH-RAM). Whatever difficulty petitioner had between November 2001 and April 2002, it did not prevent him from timely initiating a state habeas petition. The Court finds that petitioner has not shown cause for his procedural default. Grounds 2, 3, 4, 7, 11, 12, 13, and 14 of petitioner's amended petition are subject to dismissal as procedurally defaulted.

5.      <u>Motion for Evidentiary Hearing</u>

On July 21, 2005, petitioner filed a document entitled "Supplement to Habeas Corpus Request for Evidentiary Hearing or in the Alternative Motion for Evidentiary Hearing" (docket #16). That document is in essence a motion by petitioner for an evidentiary hearing on the issue of his procedural default. The Court will deny petitioner's motion for an evidentiary hearing. Petitioner has not made a colorable showing that any external impediment prevented him from timely initiating his state habeas action. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). An evidentiary hearing is not warranted.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Appointment of Counsel (docket #12) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Emergency Motion for a Cease and Desist Order, etc. (docket #21), filed January 4, 2006, is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Supplement to Habeas Corpus, etc. (motion for an evidentiary hearing) (docket #16) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (docket #8) is **GRANTED**. Grounds 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, and 14 of petitioner's Amended Petition are **DISMISSED**.

**IT IS FURTHER ORDERED** that, on or before **May 19, 2006**, respondents shall file and serve an Answer, responding to Ground 9 of petitioner's Amended Petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents Answer, to file and serve a Reply. Respondents shall thereafter have **thirty (30) days** following petitioner's Reply to file and serve a Response to Reply.

Dated this 21st day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE